

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

### United States District Court Northern District of Illinois

MAURICE PEARSON

Plaintiff

v.

Defendant

HEALTH CARE SERVICE CORPORATION,

A MUTUAL LEGAL RESERVE COMPANY

**RECEIVED**

APR 5 2018

4-5-18

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:18-cv-02452
Judge Virginia M. Kendall
Magistrate Judge Young B. Kim

**COMPLAINT**

NOW COMES THE PLAINTIFF, MAURICE PEARSON, AND FILE A COMPLAINT AGAINST THE DEFENDANT, HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY.

STATES AS FOLLOWS:

THE PLAINTIFF (S) CLAIMS (S) AS FOLLOWS: THE DEFENDANT HAD A DUTY TO THE PLAINTIFF. THE DEFENDANT BREACHED THAT DUTY BY FAILING TO CONFORM TO THE REQUIRED STANDARD OF CONDUCT. THE DEFENDANT NEGLIGENT CONDUCT WAS THE CAUSE OF HARM TO THE PLAINTIFF BY FAILING TO ACT AS A REASONABLE ENTITY TO SOMEONE WHOM THEY OWED A DUTY TO. THEREBY, THE PLAINTIFF IS SEEKING PERSONAL INJURY AND MONETARY DAMAGES

2018 APR -5 PM 3:57

**1 OF 12**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**COUNT I**

**LIABILITY/INTENTIONAL TORT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS / DECEIT –**

**TORT OF NEGLIGENCE**

**NEGLIGENCE/DUTY, BREACH, CAUSATION**

**PERSONAL INJURY/PAIN AND SUFFERING**

1. Care Management failed to integrate holistic approach to accessing member according to medical, behavior and social needs.
2. Care coordination program failed a person-centered model-oriented approach to actively engage moderate-and high risk member in danger situation to help identify needs in home environment.
3. Failed to assess members health status and provide educational materials as needed (For low risk members) care coordinator failed to meet with member in their home to provide health education and referrals, conduct assessments and develop and review the members individualized care plan.
4. Care coordination failed to integrate primary and specialty medical; behavioral health; pharmacy services' long-term support services (LTSS); and community based resources.
5. Care coordinator failed moderate and high-risk member who needed greater level of care and failed to work directly with member to conduct a comprehensive needs assessment to help with special health care needs in home, hospital or skilled nursing facility including: A) connecting member with provider B) Coordinating medical, behavioral dental and long-term care services C) Following up with member to ensure member attend appointments and are following medication adherences.
6. Care coordination failed to maintain frequent contact with member through various methods including in-person visits, email and telephone.
7. Failed using person-centered care module provided members of a single point-of contact, personalized to members to supply effective care coordination.
8. HCSC care coordinator failed to include nurses, social workers, medical management specialists and health advocates (who may also be RNS).

- **Plaintiff suffered from emotional distress, loss of enjoyment from life, diminished ability to enjoy life including sleep disturbances, inability to engage in hobbies, and delayed treatment. I am currently seeking medical treatment for headaches ,lipoma and insomnia. I am asking for relief in damages of $2,200,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $350,000.00 for damages for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
2. $250,000.00 for damages for DECIET
3. $250,000.00 forTORT OF NEGLIGENCE – The Entity failed to act as a reasonable entity to someone whom they would owe a duty to. Defendant displayed negligence in providing duty of care
4. $350,000.00 for damages for NEGLIGENCE/DUTY – BREACH – CAUSATION. The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The Defendants negligent conduct was the cause of harm to the Plaintiff.
5. $500,000.00 for PERSONAL INJURY/PAIN AND SUFFERING. Compensation for pain, mental anguish, and loss of enjoyment from life caused by a Defendant's wrongful actions. Pain and Suffering including physical pain and discomfort; Negative emotions, such as anger, fear, anxiety humiliation, and shock; and decreased ability to enjoy life including sleep disturbances, lack of energy, inability to engage in hobbies and loss of appetite.
6. Punitive damages in the amount of $500,.000.00 for the BREACH OF FIDICUARY DUTY
7. Court costs
8. Award such other and further relief as this Court deems equitable and just

### COUNT II – NEGLIGENCE-BREACH

### LIABLILTIES-INTENTIONAL TORT / TORT OF NEGLIGENCE / DECIET

### PERSONAL INJURY-PAIN AND SUFFERING

1. Care coordination failed to offer core benefits in HCSC Medicaid plans which included:

A)Traditional medical benefits (hospital and physician services) B) Behavioral health benefits C) Long term services and supports D) Nursing facility services E) Home and community based services (HCBS) (waiver members) F) Personal assistance services G) Home health services H) Hospice I) Pharmacy

2. Under Defendant Creative Supplemental (Add On) Benefits Offered program, Defendant failed to offer

•Transportation services

• Gift cards for personal health care items after completion of preventive measures

3. The Defendant had a duty to the Plaintiff; The Defendant breached that duty by failing to conform to the required standard of conduct. The defendant's negligent conduct was the cause of harm to the Plaintiff.

4. Defendant displayed negligence in providing duty of care to plaintiff. The entity failed to act as a reasonable entity to someone whom they owe a duty to.

**Plaintiff suffered from mental anguish, and loss of enjoyment from life caused by defendant's wrongful actions, pain and suffering including physical pain and discomfort; negative emotions, such as fear, humiliation, and shock; and decreased ability to enjoy life including sleep disturbances, inability to engage in hobbies and lack of energy. I am currently seeking medical treatment for insomnia, headaches and lipoma. Because of this I am seeking relief in damages of $1, 500,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $250,000.00 for NEGLIGENCE BREACH by failing to conform to the required standard of conduct
2. $250,000.00 damages for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
3. $250,000.00 damages for DECEIT
4. $500,000.00 for PERSONAL INJURY and compensation for physical pain; mental anguish, and loss of enjoyment from life caused by a defendant's wrongful actions. Pain and suffering including physical pain and discomfort; Negative emotions, such as anger, fear, humiliation, and shock; and decreased ability to enjoy life including sleep disturbances, lack of energy, and inability to engage in hobbies.
5. Punitive Damages in the amount of $250.000.00 for the BREACH OF FIDICUARY DUTY.
6. Court costs
7. Reasonable Attorney's fees
8. Award such further and other relief as this Court deems equitable and just

### COUNT III – LIABILITIES -

### INTENTIONAL TORT – INTENTIONAL INFLICTIONJ OF EMOTIONAL DISTRESS / DECEIT

### NEGLIGENCE – DUTY/BREACH/CAUSATION

### TORT OF NEGLIGENCE-

1. Defendant failed to implement HSC'S Medicaid Integrated Care Model goals which included
   A. Improving health and satisfaction outcomes
   B. Promoting community-based preventive care

C. Enhancing access to all provider types and facilitate easier navigation
D. Improving key quality indicators for the populations served
E. Ensure a predictable Medicaid cost spend; Achieve cost savings over time
F. Reduce emergency room utilization and hospital readmissions
G. Increase preventive care
H. Integrate physical and behavioral health care services
I. Plaintiff contacted defendant on multiple times for need for home assessment and community-based preventive care.
J. Defendant was aware of Plaintiff need for in home care assistance but failed to provide Plaintiff with HC'S Medicaid Integrated Care services at Mark Twain Hotel in 015
K. Plaintiff made multiple police reports regarding conditions at Mark Twain Hotel and notified the Defendant the need for home assessment.
L. Defendant never returned Plaintiff phone calls or visited Patient home
M. Defendant denied Plaintiff of all services under HSC'S Medical aid Integrated Care Model goals causing the Plaintiff Infliction of Emotional Distress.

- **Plaintiff suffered emotional distress, loss of enjoyment from life, diminished ability to enjoy life including sleep disturbances, delayed treatment, inability to engage in hobbies. I am currently seeking medical treatment for lipoma, headaches and insomnia. Because of this I am asking for relief in damages of $1,750,000.00 and relief from any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $250,000.00 as damages for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
2. $250,000.00 as damages for DECEIT
3. Monetary damages of $250,000.00 for TORT OF NEGLIGENCE because defendant failed to act as a reasonable entity to someone whom they owed a duty to. The Defendant displayed negligence in providing duty of care to Plaintiff.
4. $250,000.00 for NEGLIGENCE. The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The Defendants negligent conduct was the cause of harm to the Plaintiff.
5. Punitive Damages in the amount of $1,000.000.00 for the BREACH OF FIDUCIARY DUTY
6. Award Court Costs incurred
7. Award such further and other relief as this Court deems equitable and just

**COUNT 1V – (HIPPA) VIOLATION OF HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 – 215 ILCS 971**

**LIABILITIES – INTENTIONAL TORT-(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS / DECEIT)**

**TORT OF NEGLIGENCE**

**24 Hour Nurse Line**

1. Defendant did not present Plaintiff with copy of records (audio or written) related to 24 Hour Nurse Line telephone health assessment
2. Plaintiff made complaint to BLUE CROSS BLUE SHIELD OF ILLINOIS COMMUNITY FAMILY HEALTH PLAN and to BLUE CROSS COMMUNITY FAMILY HEALTH PLAN OF NEW MEXICO Related to 24 HOUR NURSE LINE. In phone conversation with complaint case specialist from BLUE CROSS NEW MEXICO, Plaintiff was told that other people were receiving requested audio and written records of telephone health assessment at the same time Plaintiff was requesting records of 24 Nurse Line telephone health assessments. Plaintiff did not receive record
3. Plaintiff contacted the 24 hour Nurse Line in May 2016 and took a health assessment over the phone. Plaintiff requested notes and audio from the conversation and was told that he would receive them. Plaintiff called 5-10 times to check on update on where those records were and has never received the records. Each time the plaintiff called he was told that It would take 2-4 weeks, but plaintiff still has not received audio or written records of telephone health assessment.
4. Plaintiff made numerous calls to 24 HOUR NURS LINE and was continuously told that telephone health assessment records were entered into computer system and plaintiff would receive records to P O Box. Plaintiff never received requested records from 24 hr nurse line concerning May 2016 to September 2016 dates of phone health assessment.
5. Plaintiff talked to numerous department connected to 24 NURSE LINE to try to obtain records and Plaintiff never received records
6. BLUE CROSS COMMUNITY FAMILY HEALTH PLAN IN NEW MEXICO told Plaintiff that she spoke to a supervisor at 24 HOUR NURSELINE and the supervisor told the complaint specialist that she would put in a complaint related to Plaintiff not receiving phone assessment audio and written records
7. Steven Olsen-Clinical Operation Manger of BLUE CROSS BLUE SHIELD OF ILLINOIS refused to release Plaintiff audio and written records of 24 NURSE LINE health assessments.
8. Plaintiff complaint was received by Blue Cross Community Health Plan on September 26, 2016.
9. The following documents were used to investigate patient grievance response.
   a. Patient grievances request received on September 26, 2016

    b. Review and response from Steve Olster Senior Manager Clinical Operations

10. In letter to Patient dated November 14, 2016 according to Blue Cross Family Health Plan during research they learned/found:

    a. Blue Cross Community Health was in contact with Blue Cross Community Health 24-hour Nurse Line and Access Health Point and all patient issues and concerns were presented and addressed.

    b. The records patient are requesting are proprietary records of HCSC. Patient can now fill out a request to access PHI.

- **Plaintiff suffered from emotional distress, physical pain, loss of enjoyment from life, inability to engage in hobbies, diminished ability to enjoy life, and is currently seeking medical treatment including sleep disturbances because of insomnia, lipoma and headaches. Because of this I am asking for relief in damages of $1,750,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $250,000.00 as damage for failure to provide Plaintiff with copies of medical records of telephone health assessment and violation of the Health insurance Portability and Accountability ACT OF 1996

2. $250,000.000 for Negligence and recovery of damages. The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The defendants negligent conduct was the cause of harm to the Plaintiff

3. 250,000.000 for damages of INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4. 250,000.00 Damages for DECEIT

5. 250,000.00 monetary damage for TORT OF NEGLIGENCE. The Entity failed to act as a reasonable Entity to someone whom the owed a duty to. Defendant displayed negligence in providing duty of care to Plaintiff

6. Punitive Damages in the amount of $500,000.00 for the BREACH OF FIDICUARY DUTY

7. Award Court Costs incurred

8. Award such other and further relief as this Court deems equitable and just

## COUNT V - VIOLATION OF (HIPPA)

## HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 215 ILCS 971

## INTENTIONAL TORT – TORT OF NEGLIGENCE -

**BLUE CROSS BLUE SHEILD OF ILLINOIS AND NEW MEXICO**

1. Plaintiff filed a complaint against Neurology Doctor Anil Gulati with Blue Cross Family Health Plan of New Mexico Appeal and Grievances Department 1-8-2017.

**7 OF 12**

2. Patient has not received a review and determination letter from Blue Cross Blue Shield of New Mexico related to Doctor Anil Galati complaint. Patient was told that case was forwarded to Blue Cross Blue Shield of Illinois at Chicago office.

3. April 11, 2017 patient received a phone call from Blue Cross Blue Shield office in Chicago located at 300 East Randolph notifying patient that case was transferred to their office and a resolution will be mailed out to patient p o box

4. Phone caller from Blue Cross Blue Shield of Illinois requested dates of service/office visits with Dr. Gulati

5. Patient gave dates of service/office visits with Dr. Gulati to phone caller 4-28-2017, 5-13-2016 and 6-10-2016.

6. Patient has not receive a complaint resolution letter related to Dr. Anil Gulati mailed to P O Box from Blue Cross Blue Shield of Illinois located in Chicago located at 300 East Randolph.

7. Doctor Galati provided substandard and inadequate care by not being flexible with changing Plaintiff medication prescription in a timely matter.

8. Plaintiff constantly reminded DR. Gulati by telephone and at office visits verbally that his prescribed medications were causing very strong negative side effects, not helping sleeping problems and were not solving the long term headaches that I was experiencing over a long period of time.

9. Doctor Gulati failed to competently perform his medical duties by not discussing requested test results of cc head scan in detail after received test results at doctor appointment. I asked Dr. Gulati if he could give me some feedback on ct head scan test results and Dr. Gulati responded by saying I was okay and I would have to talk to my primary care physician Dr. Lubben to get information on ct head scan test results.

10. Dr. Gulati failed to give patient notice or ask for permission of students/helpers participation in patient medical condition evaluations and progress at each office visit inside his office location 4-28-2016, 5-13-2016 and 6-10-2016 located at Southeast Chicago Neurology Associates, S.C. 2850 South Wabash Ave. Suite 102 Chicago, IL. 60616, thereby invading patient privacy.

11. Students/helpers/assistants did not identify themselves to patient at any time during Dr. Galati and patient progress evaluations of patient. 4-28-2016, 5-13-2016 and 6-10-2016

12. Students/helpers/assistants did not display their name or title on a badge to identify themselves at any time during Dr. Galati patient progress evaluations of patient 4-28-2016, 5-13-2016 and 6-10-2016.

13. Doctor Galati office refused to give patient requested copies of notes taken by students/helpers/assistants during Dr. Galati patient progress evaluations of patient.

14. Plaintiff has not received written review record of complaint from Blue Cross community family health Plan or from Blue Cross of Illinois related to Dr. Anil Gulati (Neurology).

15. Time frame for receiving records expired well over Blue Cross Community Family Health Plan and Medicaid time frame for distributing records to Plaintiff. Plaintiff has still not received review of written complaint related to Anil Gulati

- **Plaintiff suffered from physical pain, emotional distress, and loss of enjoyment of life, diminished ability to enjoy life, increased sleep disturbances, and inability to engage in sports. I am currently seeking medical treatment for lipoma, headaches and insomnia. Because of this I am asking for damages of $1,750,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $25,000.00 for violation of HIPPA PORTABILITY ACT OF 1996
2. 250.000.00 damage for NE NEGLICE.  The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The defendant's negligent conduct was the cause of harm to the Plaintiff.
3. $250,000.00 damage for INTENTIONAL INFLICTION OF EMOTIONAL STRESS
4. $250,000.000 FOR DECEIT.
5. $250,000.00 Monetary damages for TORT OF NEGLIGENCE. The ENTITY failed to act as a reasonable Entity to someone whom they owed a duty to. Defendant displayed negligence in providing duty of care to Plaintiff.
6. Punitive Damage in the amount of $500,000.00 for the BREACH OF FIDUCIARY DUTY.
7. Award Court Costs incurred
8. Award such other and further relief as this Court deems equitable and just

### COUNT VI - LIABILITIES – INTENTIONAL TORT-TORT OF NEGLIGENCE

## THRESHOLDS CARE COORDINATOR SERVICES

1. Thresholds failed to get the health care patient needed.
2. Failed in assisting Patient reach goals by helping the Patient use the health care benefits Patient had.
3. Care Coordinator failed to help use their healthcare plan in the best way
4. Failed to plan and return telephone calls with member
5. Failed to listen to patient/member concerns, and help set up care with doctor and other health care members.
6. Failed to help member to better to understand their health conditions, medications, and treatments.

7. According to Thresholds Defendant never contacted Thresholds for Care Coordination Services until approximately December 21, 2015 with request for services for Defendant at Mark Twain Hotel

8. Plaintiff made numerous calls to Defendant because of need for home assessment by Care Coordinator.

9. Each time the Plaintiff called the defendant the defendant said the orders were being entered into the computer system and were being accepted.

10. Plaintiff talked to numerous team leaders regarding Care Coordinator Service and need for home visit, assessment and phone calls

11. Plaintiff discussed with Defendant issues with not receiving service from Care Coordinator Service

- **Because of this I suffered from emotional distress, loss of enjoyment from life, diminished ability to enjoy life including sleep disturbances, insomnia, lipoma and delayed medical treatment. I am currently seeking medical treatment for insomnia, lipoma and for headaches. I am asking for relief in damages of $550,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $100,000.00 as damage for intentional tort-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
2. $200,000.00 for DECEIT
3. $100,000.00 for monetary damages for TORT OF NEGLIGENCE. Entity failed to act as a reasonable Entity to someone whom they owed a duty to. Entity displayed negligence in providing duty of care to Plaintiff.
4. $100,000.00 Recovery damages for NEGLIGENCE. The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The Defendants negligent conduct was the cause of harm to the Plaintiff.
5. Punitive damages in the amount of $500,000.00 for the BREACH OF FIDICUARY DUTY.
6. Award Court costs incurred
7. Award such other and further relief as this Court deems equitable and just.

**COUNT VII – HIPPA PORTABILITY ACT OF 1996**

**NEGLIGENCE / INTENTIONAL TORT – TORT OF NEGLIGENCE**

**Access Health Point**

1. Plaintiff received a phone call from Steve Oster –Manager Clinical Operations Blue Cross Blue Shield/Access Health Point 312 653-0630 and left a voice mail message on y cell phone stating that he was calling to try to clear up some issues related to Plaintiff receiving copy of 24 hr nurse line records of telephone health assessment.

2. Defendant stated that he would have to consult with attorneys to see if delivering records to Plaintiff was possible
3. Defendant told Plaintiff that after consulting with attorneys he would get back with me to let me know if decision for Plaintiff to receive records.
4. Plaintiff requested Defendant mail a letter to Plaintiff P O Box or send an email to Plaintiff email address related to decision to release Plaintiff records of 24 Nurse Line telephone health assessment conversation.
5. Plaintiff never received written letter from Defendant regarding conversations with attorneys input or releasing phone conversation of records from of 24 hr. Nurse Line health phone assessment.
6. Plaintiff never received another phone call from Defendant regarding records of 24 hour nurse line health assessment of Plaintiff.
7. Plaintiff never received any other communication from defendant Steve Olster regarding medical records
8. Defendant filed complaints with the Illinois Department of Professional Regulation and Illinois Department of Insurance related to Defendants.
   - **Plaintiff suffered from emotional distress, physical pain, insomnia, and loss of enjoyment from life, diminished ability to enjoy life including sleep disturbances, inability to engage in hobbies, and delayed treatment. I am currently seeking medical treatment for insomnia, headaches and lipoma. Because of this I am asking for relief in damages of $1,500,000.00 and relief for any future suffering caused by the injury and treatment.**

**WHEREFORE:** Plaintiff prays that this Court order Defendant to pay:

1. $200,000 for violating HIPPA PORTABILITY ACT OF 1996. Defendant failed to provide Plaintiff with a copy of health records. Defendant failed to provide Patient care.
2. $200,000.00 as damage for negligence. The Defendant had a duty to the Plaintiff. The Defendant breached that duty by failing to conform to the required standard of conduct. The Defendant negligent conduct was the cause of harm to the Plaintiff.
3. $200,000.00 as damage for Intentional Tort causing Plaintiff Intentional infliction of emotional distress.
4. $200,000.00 for deceit
5. $200,000.00 monetary damage for Tort of Negligence. Defendant failed to act as a reasonable person to someone whom he or she owes a duty to. Defendant displayed negligence in providing duty of care to the Plaintiff.
6. PUNITIVE DAMAGES in the amount of $500,000.00 for the BREACH OF FUDICUARY DUTY
7. Award Court Costs incurred
8. Award such other and further relief as this Court deems equitable and just

Respectfully submitted

Maurice Pearson

773 344-2479                    4-5-2018

Maurice Pearson

100 W Randolph Street P O BOX 64577

CHICAGO ILLINOIS 60664